```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

CARL McDONALD, Jr., et al.,    )
                               )
        Plaintiffs,            )
                               )
     v.                        )     No. 4:06CV01332 ERW
                               )
DORN SCHUFFMAN, et al.,        )
                               )
        Defendants.            )
```

### ORDER AND MEMORANDUM

This matter is before the Court upon plaintiffs' application to commence this action without payment of the required filing fee pursuant to 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicants are financially unable to pay any portion of the filing fee. Therefore, applicants will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). In addition, the Court has reviewed the instant complaint and will dismiss it prior to service.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

The named plaintiffs in this action are Carl McDonald, Jr., Walter Ritchey, James Ellis, and Antony Amonette. Plaintiffs are civilly committed residents of the Missouri Sexual Offender Treatment Center ("MSOTC"), and they bring this action pursuant to 42 U.S.C. § 1983 seeking declaratory, injunctive, and monetary relief.

Defendants are Dorn Schuffman (Acting Director, MSOTC), Ron Dittemore (Acting Interim Director of the Missouri Department of Mental Health), Janet Gordan (Records Custodian, Missouri Department of Mental Health), Diane McFarland (Director, Division of Comprehensive Psychiatric Services), Karen Adams (CEO, MSOTC),

Alan Blake (COO, MSOTC), Sheila Light (Administrative Assistant, MSOTC), Julie Inman (CFO, MSOTC), Mary Harrelson (Executive I, MSOTC), Dr. Jay Englehart (Director of Medical/Lead Psychiatrist, MSOTC), Dr. Martha Bellew-Smith (Clinical Director, MSOTC), Dr. Jonathan Rosenboom (Director of Psychology, MSOTC), Dr. Linda Meade (Lead Psychologist, MSOTC), Paula Adams (Director of Nursing, MSOTC), Rebecca Semar (Recreational Supervisor, MSOTC), Mary Weiler (Director of Social Work, MSOTC), Mary Rowe (Lead Registered Nurse, MSOTC), Flora Ashton (R.N., MSOTC), Deborah Johnston (R.N., MSOTC), Margaret Chessey (Chief of Internal Security, MSOTC), Michael Grady (Sallyport Supervisor, MSOTC), and Ten Unknown Employees (employees of either Missouri Department of Mental Health or MSOTC).

Plaintiffs allege that defendants, "by and through their participation in and/or their deliberate indifference to the undue and overly restrictive execution of [MSOTC's] operational practices, polices and procedures . . .," have violated and continue to violate several of plaintiffs' constitutional rights. Plaintiffs allege that defendants have violated their right to free exercise of religion because MSOTC's policy on what items are allowable is too restrictive and because there is a lack of religious service offerings. Plaintiffs allege that their right to due process and right to be free from cruel and unusual punishment have been violated because MSOTC's "Level and Token System" is too restrictive. Plaintiffs allege that their right to due process and right to be free from cruel and unusual punishment have been

violated because MSOTC's policy on the use of restraints is too restrictive. Plaintiffs allege that their right to due process and right to be free from cruel and unusual punishment have been violated because MSOTC's use of punitive isolation and segregation is too restrictive. Plaintiffs allege that their right to due process has been violated because MSOTC's rules are enforced arbitrarily. Plaintiffs allege that their right to due process has been violated because punishment for rule infractions is administered without hearings. Plaintiffs allege that their right to due process and right to be free from cruel and unusual punishment have been violated because MSOTC has assigned them to the Hoctor Building wards since December 2003. Plaintiffs allege that their right to due process has been violated because MSOTC does not hold their trust fund money in an interest bearing account. Plaintiffs allege that their right to due process and right to be free from cruel and unusual punishment have been violated because newly admitted detainees are placed on the "Hoctor 3, Readiness Token Economy System Ward . . . ." Plaintiffs allege that their right to due process and right to be free from cruel and unusual punishment have been violated because they have to share the same ward and bedrooms with other sexually violent predators. Finally, plaintiffs appear to allege that defendants have violated their right to due process and right to be free from cruel and unusual punishment because Missouri's practice of placing sexually violent predators in civil confinement is unconstitutional.

## Discussion

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiffs do not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of their constitutional rights. Although the Court must liberally construe plaintiffs' factual allegations, it will not supply additional facts or construct a legal theory for plaintiffs that assumes facts that have not been pleaded. Therefore, the Court concludes that the instant action is legally frivolous.

Additionally, the complaint is legally frivolous because it contains only conclusory allegations and fails to allege any facts, which if proved, would afford a basis for granting relief.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs' motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiffs' motion to certify class [#4] is denied as moot.

An appropriate order of dismissal shall accompany this order and memorandum.

So Ordered this 13th Day of December, 2006.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE